UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

THE GUARDIAN NEWS, INC.,

                Plaintiff,

        -against-

TOWN OF NEW CASTLE, New York,
and RICHARD POLCARI, individually,

                Defendant.

-------------------------------------------------------x

**ORIGINAL**

07 Civ.    (    )

**COMPLAINT**

**Jury Trial Demanded**

07 CIV. 3812

Plaintiff THE GUARDIAN NEWS, INC., by its attorneys Lovett & Gould, LLP,

for its complaint respectfully states:

## NATURE OF THE ACTION

1. This is an action for compensatory damages, as well as related declaratory and

injunctive relief, proximately resulting from Defendant's regulatory restrictions on the

placement of newsracks on public property for the purpose of distributing free-of-charge

the weekly newspaper published by Plaintiff, which restrictions violate Plaintiff's rights

as guaranteed by the First Amendment to the United States Constitution, 42 U.S.C.

§1983.

## JURISDICTION

2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343, 2107.

## THE PARTIES AND THE MATERIAL FACTS

3. Plaintiff THE GUARDIAN NEWS, INC. is a New York domestic business corporation having its principal office for the conduct of business at 251 North Avenue, New Rochelle, New York. On a weekly basis Plaintiff publishes and disseminates, by *inter alia*, use of so-called newsracks, a free newspaper known as "The Westchester Guardian". That publication focuses on and reports about amongst other things municipal corporate corruption.

4. Defendant TOWN OF NEW CASTLE, New York (hereinafter "Town"), is a municipal corporate subdivision of the State of New York duly existing by reason of and pursuant to the laws of said State. The Town has adopted and enforces the following code provisions, which provide in Chapter 87 ("NEWSRACKS") in pertinent respect:

> **"§87-1. Intent.**
>
> \*                              \*                              \*
>
> A. Purpose. The provisions and prohibitions of this chapter have the purpose of securing and promoting the public health, safety, and general welfare of persons in the Town in their use of public rights-of-way through the regulation of placement, appearance, number, size and servicing of newsracks on the public rights-of-way. . .
>
> \*                              \*                              \*
>
> **§87-3. Permit required.**
>
> It shall be unlawful for any person, firm or corporation to install, place, maintain or operate on any public street or sideway, or in any other public way or place in the Town, any newsrack without first

2

having obtained a permit from the Town Engineer specifying

the exact location of such newsrack. . .

### §87-4. Application for permit; fee.

A.  Application for such permit shall be made, in writing, to the Town

Engineer. . .

B.  . . .the Town Engineer shall approve or disapprove the locations in

accordance with the standards and criteria set forth in this chapter

within 15 days of filing the application for such permit. In any case

where the Town Engineer disapproves of a particular location, such

disapproval shall be without prejudice to the applicant designating

a different location.

C.  The Town Engineer shall grant a permit if the location and installation

of the newsrack comply with all of the standards and criteria set forth

in this chapter and if all other requirements of this chapter are met.

\*                          \*                          \*

### §87-5. Conditions and duration of permit.

\*                          \*                          \*

B. Such permits shall be valid for one year and shall be renewable

pursuant to the criteria and standards for original applications and

upon pay of the permit fee.

\*                          \*                          \*

### §87-6. Indemnification.

As a condition of approval of any newsrack permit, the distributor

3

shall file a written statement with the Town Engineer. . .by which
the owner agrees to indemnify, hold harmless and defend the Town,
its officers and employees against any loss, liability or damage,
including expenses and costs, for bodily or personal injury and for
property damage sustained by any person as a result of the installation,
use, and/or maintenance of a newsrack within the town.

### §87-7. Insurance.

As a condition of approval of any newsrack permit, the distributor
shall file with the Town Engineer a certificate of insurance from an AM
best A-rated insurance company. . .demonstrating that the distributor
has general liability insurance with limits of at least $1 million each
occurrence and $2 million general aggregate. The insurance policy must
name the Town of New Castle as an additional insured. . .

      *           *           *

### §87-8. Location, placement and number of newsracks.

Any newsrack that rests, in whole or in part, on any portion of a
public right-of-way or which projects onto, into or over any part
of a public right-of-way shall be located in accordance with the
following provisions:

      *           *           *

D. . . .In determining which newsracks shall be permitted to be
located or to remain if already in place, the Town Engineer shall be

guided solely by the following criteria:

    (1) First priority shall be daily publications (published five or more

        days per week).

    (2) Second priority shall be publications published two to four days

        per week.

    (3) Third priority shall be publications published one day per week.

**§87-9. Standards for maintenance and installation.**

Any newrack that, in whole or in part, rests upon, in or over any

public sidewalk or parkway shall comply with the following standards:

       *                        *                        *

F. Each newsrack. . .shall be serviced and maintained so that:

    (1) It shall not be permitted to remain empty for a period

        exceeding 30 consecutive days.

**§87-10. Violations; removal; inspection fees.**

Upon determination by the Town Engineer that a newsrack has

been installed, used or maintained in violation of this chapter, the

Town Engineer shall issue an order to the distributor of the newsrack

to correct the violation. . .".

(boldface in original text).

5. Defendant RICHARD POLCARI (hereinafter "Polcari"), who is sued in his

individual and personal capacities only, at all times relevant to this complaint was the

duly appointed Code Enforcement Officer for the Town.

6. During the course of 2006 and 2007 the Town and Polcari have repeatedly confiscated newsracks containing multiple copies of The Westchester Guardian placed by Plaintiff. On the first two such occasions the edition of The Westchester Guardian displayed through the front of the newsracks at issue bore headlines concerning police departmental corruption in the Town of New Castle - - a fact that in whole and/or in substantial respect motivated the Defendants to confiscate the publications (along with the newsracks) by reason of the content of Plaintiff's speech.

## AS AND FOR A FIRST CLAIM
## AGAINST POLCARI AND
## THE TOWN

7. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "6".

8. Defendants' conduct violated Plaintiff's rights as guaranteed by the First Amendment to the United States Constitution, 42 U.S.C. §1983.

## AS AND FOR A SECOND CLAIM
## AGAINST THE TOWN

9. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "6", inclusive.

10. Section 87-4(B)'s vesting in the Building Inspector unfettered and unreviewable power (without regard to time, place and/or mannerr) to unilaterally determine the location for the placement of a and/or any newsrack violates Plaintiff's rights as so guaranteed, 42 U.S.C. §1983.

## AS AND FOR A THIRD CLAIM
## AGAINST THE TOWN

11. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "6", inclusive.

12. Section 87-5's provision that newrack permits are valid for one year and are renewable constitutes an unlawful prior restraint on Plaintiff's rights as so guranteed since Article 87 lacks any objective time, place and/or manner criteria, 42 U.S.C. §1983.

## AS AND FOR A FOURTH CLAIM
## AGAINST THE TOWN

13. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "6", inclusive.

14. Section 87-6's indemnification requirement violates Plaintiff's rights as so guaranteed, 42 U.S.C. §1983.

## AS AND FOR A FIFTH CLAIM
## AGAINST THE TOWN

15. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "6", inclusive.

16. Section 87-6's indemnification requirement violates Plaintiffs rights as guaranteed by the Fourteenth Amendment, 42 U.S.C. §1983, since no similar requirement is imposed on other users of the public rights of way in the Town for: wheelchairs, baby carriages, bicycles, shopping carts, motorcycles, tricycles, wheelbarrows, automobiles dog walking, and *inter alia* commercial vehicles.

7

## AS AND FOR A SIXTH CLAIM
## AGAINST THE TOWN

17. Repeats and realleges as if fully set forth the allegations of facts contained in paragraphs "1" to "6", inclusive.

18. Section 87-7's requirement as to insurance violates Plaintiff's rights as guaranteed by reason of the Fourteenth Amendment, 42 U.S.C. §1983 since no similar obligation is imposed upon other users of the public rights of way in the Town for: wheelchairs, baby carriages, bicycles, shopping carts, motorcycles, tricycles, wheelbarrows, automobiles, dog walking and *inter alia* commercial vehicles.

## AS AND FOR A SEVENTH CLAIM
## AGAINST THE TOWN

19. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "6", inclusive.

20. Section 87-7's insurance requirement violates Plaintiffs rights as guaranteed by the First Amendment, 42 U.S.C. §1983.

## AS AND FOR AN EIGHTH CLAIM
## AGAINST THE TOWN

21. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "6", inclusive.

22. Section 87-8(D)(1)'s mandatory grant of priority in location for newsracks whose publishers public daily violates Plaintiff's rights as so guaranteed, 42 U.S.C. §1983.

## AS AND FOR A NINTH CLAIM
## AGAINST THE TOWN

23. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "6", inclusive.

24. Section 87-8(D)(2) mandatory grant of priority in newsrack location to publishers who publish two to four days per week violates Plaintiff's rights as so guaranteed, 42 U.S.C. §1983.

## AS AND FOR A TENTH CLAIM
## AGAINST THE TOWN

25. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "6", inclusive.

26. Section 87-9(F)(1)'s absolute prohibition against newsracks in the Town remaining empty exceeding thirty consecutive days violates Plaintiff's rights as so guaranteed, 42 U.S.C. §1983.

## AS AND FOR AN ELEVENTH CLAIM
## AGAINST THE TOWN

27. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "6", inclusive.

28. Section 87-10's provisions governing violations and confiscation of newsracks constitute a prior restraint (without benefit of objective time, place, or manner standards) violates Plaintiff's rights as so guaranteed, 42 U.S.C. §1983.

## AS AND FOR A TWELFTH CLAIM
### AGAINST THE TOWN

29. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "6", inclusive.

30. Under the premises Article 87 and Defendants' enforcement of same have chilled Plaintiff in the exercise of its rights as so guaranteed, 42 U.S.C. §1983.

WHEREFORE a judgment is respectfully requested:

    a. Declaring Article 87 of the Town Code violative of Plaintiff's First and Fourteenth Amendment rights,

    b. Ordering the Town to enact, consistent with Plaintiff's rights as guaranteed by the First and Fourteenth Amendments, a code provision concerning the placement of newsracks on public property within the Town,

    c. Permanently enjoining Defendant from enforcing as against Plaintiff Article 87,

    d. Awarding against Defendants such compensatory damages as the jury may determine,

    e. Awarding against Defendant Polcari such punitive damages as the jury may impose,

    f. Awarding reasonable attorney's fees and costs, and,

g.  Granting such other and further relief as to the Court seems just and

proper.

Dated: White Plains, N.Y.
     May 12, 2007

LOVETT & GOULD, LLP
By:_____
          Jonathan Lovett (4854)
Attorneys for Plaintiff
222 Bloomingdale Road
White Plains, N.Y. 10605
914-428-8401