UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
THE GUARDIAN NEWS, INC.,

                       Plaintiff,                        **ANSWER**

    -against-                                    Docket No.
                                                    07 Civ. 3812 (CLB)
TOWN OF NEW CASTLE, New York, and RICHARD
POLCARI, individually,

                       Defendants.
---------------------------------------------------------------x

      Defendants, by their attorneys, MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS, LLP, as and for their answer to the complaint in the above-captioned matter, sets forth as follows:

    1.    Deny the allegations contained in ¶ "1" of the complaint, and refer all questions of law to the Court for adjudication.

    2.    Deny the allegations contained in ¶ "2" of the complaint, and refer all questions of law to the Court for adjudication.

    3.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ "3" of the complaint.

    4.    Deny the allegations contained in ¶ "4" of the complaint, and refer all questions of law to the Court for adjudication.

    5.    Admit the allegations contained in ¶ "5" of the complaint.

    6.    Deny the allegations contained in ¶ "6" of the complaint.

## FIRST CLAIM

7. As and for a response to the allegations contained in ¶ "7" of the complaint, defendants repeat and reallege their responses to the allegations contained in ¶ "6" of the complaint, as though fully set forth herein.

8. Deny the allegations contained in ¶ "8" of the complaint, and refer all questions of law to the Court for adjudication.

## SECOND CLAIM

9. As and for a response to the allegations contained in ¶ "9" of the complaint, defendants repeat and reallege their responses to the allegations contained in ¶¶ "1" through "6" of the complaint, as though they were fully set forth herein.

10. Deny the allegations contained in ¶ "10" of the complaint, and refer all questions of law to the Court for adjudication.

## THIRD CLAIM

11. As and for a response to the allegations contained in ¶ "11" of the complaint, defendants repeat and reallege their responses to the allegations contained in ¶¶ "1" through "6" of the complaint, as though they were fully set forth herein.

12. Deny the allegations contained in ¶ "12" of the complaint, and refer all questions of law to the Court for adjudication.

## FOURTH CLAIM

13. As and for a response to the allegations contained in ¶ "13" of the complaint, defendants repeat and reallege their responses to the allegations contained in ¶¶ "1" through "6" of the complaint, as though they were fully set forth herein.

14. Deny the allegations contained in ¶ "14" of the complaint, and refer all questions of law to the Court for adjudication.

## FIFTH CLAIM

15. As and for a response to the allegations contained in ¶ "15" of the complaint, defendants repeat and reallege their responses to the allegations contained in ¶¶ "1" through "6" of the complaint, as though they were fully set forth herein.

16. Deny the allegations contained in ¶ "16" of the complaint, and refer all questions of law to the Court for adjudication.

## SIXTH CLAIM

17. As and for a response to the allegations contained in ¶ "17" of the complaint, defendants repeat and reallege their responses to the allegations contained in ¶¶ "1" through "6" of the complaint, as though they were fully set forth herein.

18. Deny the allegations contained in ¶ "18" of the complaint, and refer all questions of law to the Court for adjudication.

## SEVENTH CLAIM

19. As and for a response to the allegations contained in ¶ "" of the complaint, defendants repeat and reallege their responses to the allegations contained in ¶¶ "1" through "6" of the complaint, as though they were fully set forth herein.

20. Deny the allegations contained in ¶ "20" of the complaint, and refer all questions of law to the Court for adjudication.

## EIGHTH CLAIM

21. As and for a response to the allegations contained in ¶ "21" of the complaint, defendants repeat and reallege their responses to the allegations contained in ¶¶ "1" through "6" of the complaint, as though they were fully set forth herein.

22. Deny the allegations contained in ¶ "22" of the complaint, and refer all questions of law to the Court for adjudication.

## NINTH CLAIM

23. As and for a response to the allegations contained in ¶ "23" of the complaint, defendants repeat and reallege their responses to the allegations contained in ¶¶ "1" through "6" of the complaint, as though they were fully set forth herein.

24. Deny the allegations contained in ¶ "24" of the complaint, and refer all questions of law to the Court for adjudication.

## TENTH CLAIM

25. As and for a response to the allegations contained in ¶ "25" of the complaint, defendants repeat and reallege their responses to the allegations contained in ¶¶ "1" through "6" of the complaint, as though they were fully set forth herein.

26. Deny the allegations contained in ¶ "26" of the complaint, and refer all questions of law to the Court for adjudication.

## ELEVENTH CLAIM

27. As and for a response to the allegations contained in ¶ "27" of the complaint, defendants repeat and reallege their responses to the allegations contained in ¶¶ "1" through "6" of the complaint, as though they were fully set forth herein.

28. Deny the allegations contained in ¶ "28" of the complaint, and refer all questions of law to the Court for adjudication.

## TWELFTH CLAIM

29. As and for a response to the allegations contained in ¶ "29" of the complaint, defendants repeat and reallege their responses to the allegations contained in ¶¶ "1" through "6" of the complaint, as though they were fully set forth herein.

30. Deny the allegations contained in ¶ "30" of the complaint, and refer all questions of law to the Court for adjudication.

## FIRST AFFIRMATIVE DEFENSE

31. Plaintiff's complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

32. Plaintiff's complaint is barred by the statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

33. The individual defendants are protected by qualified immunity.

## FOURTH AFFIRMATIVE DEFENSE

34. Plaintiff lacks standing.

## FIFTH AFFIRMATIVE DEFENSE

35. This case, in whole or in part, is not ripe.

## SIXTH AFFIRMATIVE DEFENSE

36. This case, in whole or in part, does not present a case or controversy.

## SEVENTH AFFIRMATIVE DEFENSE

37. The challenged legislation represents a reasonable time, place, and manner regulation.

### EIGHTH AFFIRMATIVE DEFENSE

38. Plaintiff cannot identify any similarly situated persons or entities who are treated more favorably under the challenged legislation.

### NINTH AFFIRMATIVE DEFENSE

39. The fees charged under the subject legislation are related to the costs of administering the law.

### TENTH TH AFFIRMATIVE DEFENSE

40. Plaintiff may not recover punitive damages against a municipality.

### ELEVENTH AFFIRMATIVE DEFENSE

41. Plaintiff's constitutional rights were not deprived pursuant to a policy, practice, custom, or procedure of the Village of Tuckahoe.

Dated: Mineola, New York
June 8, 2007

        MIRANDA SOKOLOFF SAMBURSKY
        SLONE VERVENIOTIS, LLP
        Attorneys for Defendants

        By: _____
        BRIAN S. SOKOLOFF (bss-7147)
        240 Mineola Boulevard
        The Esposito Building
        Mineola, New York 11501
        (516) 741-7676
        Our File No. 07-382

TO: LOVETT & GOULD, LLP
     222 Bloomingdale Road
     White Plains, New York 10605

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK  )
                  ) s.s.:
COUNTY OF NASSAU   )

**MERLISA ANDREWS**, being duly sworn, deposes and says that deponent is not a party to the action, is over 18 years of age and resides in Jamaica, New York.

That on June 8, 2007, deponent served the within **ANSWER** upon:

LOVETT & GOULD, LLP
222 Bloomingdale Road
White Plains, New York 10605

the addresses designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

_____
**MERLISA ANDREWS**

Sworn to before me this 8th day
of June, 2007.

_____
NOTARY PUBLIC

BRIAN S. SOKOLOFF
Notary Public, State of New York
No. 02SO4914710
Qualified in Queens County
Commission Expires November 23, 2009